UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.

MAXIM CONSTRUCTION, INC. DBA
NEVADA MAXIM CONSTRUCTION, INC.,
a Nevada Corporation; ROBERT F. SCHMITT,
an individual; and MARGARET GENEVIEVE
SCHMITT, an individual,

    Defendants.

3:11-CV-00715-LRH-VPC

ORDER

    Before the court is Plaintiff First National Insurance Company of America's ("FNICA") Motion for Default Judgment (#15[1]).

**I.    Facts and Procedural History**

    This is a breach of contract case. Defendants Maxim Construction, Robert Schmitt, and Margaret Schmitt ("Defendants") were engaged in building a public works project in Placer County, California in 2006. In connection with this project, Defendants entered into surety and indemnity agreements with Plaintiff FNICA: FNICA issued payment and performance bonds on behalf of Defendants (agreeing to

---

[1] Refers to the court's docket number.

complete the project if Defendants could not), and Defendants agreed to indemnify FNICA for losses associated with the bonds.

Defendants were unable to complete the construction project. This triggered FNICA's duty to find new builders to complete the project. FNICA found new builders, but it incurred total losses in the amount of $1,045,282 in completing the project. FNICA now sues to recover this amount under the indemnity agreement with Defendants.

FNICA filed its complaint on October 4, 2011. Defendants did not respond, despite successful service of process. (*See* Summons #8, #9, #10.) The Clerk of Court entered Defendants' default on December 30, 2011 (#12). FNICA filed its motion for default judgment on June 20, 2011. Defendants have not responded.

## II.   Legal Standard

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive

2

claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

### III.   Discussion

The court has reviewed the documents and pleadings on file in this matter and finds that the *Eitel* factors support entering a default judgment in this action. First, plaintiffs will be severely prejudiced if a default judgment is not entered because Defendants have shown an unwillingness to appear in this action. Second, plaintiffs' claims are sufficiently pled and support their requested relief. *See George L. Brown Insurance Agency, Inc. v. Star Insurance Company*, 237 P.3d 92, 96 (Nev. 2010) (interpreting an indemnity agreement "like any other contract"). Third, the amount of money at issue in this action is directly related to the underlying indemnity agreement and is easily quantified. This easy quantification, combined with FNICA's supporting affidavits, make a hearing on damages unnecessary. *See Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981) (entering default judgment without a hearing where supporting affidavits provided "definite figures"). Fourth, there is no excusable neglect for Defendants' failure to participate in this action. Finally, although public policy favors a resolution on the merits, the court finds that a default judgment is warranted in light of the other *Eitel* factors and the fact that Defendants' unwillingness to participate precludes resolution on the merits.

FNICA is therefore entitled to judgment in the principal amount of $992,930, plus accrued pre-judgment interest of $29,563 from the date of the complaint through June 20, 2012,[2] plus attorney's fees and costs of $22,789.

///

///

---

[2] Prejudgment interest runs until the judgment is satisfied. Nev. Rev. Stat. § 17.130. Thus, FNICA is likely entitled to a greater amount of prejudgment interest than their six-month old motion recites.

IV.   **Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (#15) is GRANTED. The Clerk of the Court shall enter judgment against defendants Maxim Construction, Robert Schmitt, and Margaret Schmitt and in favor of plaintiff First National Insurance Company of America in the amount of $1,045,282.

IT IS SO ORDERED.

DATED this 12th day of December, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE